# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00118-CV

Harold Bosier, Appellant

v.

Gila Corporation, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-08-003907, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Harold Bosier, appearing pro se, appeals from the trial court's grant of summary judgment in favor of appellee Gila Corporation. The trial court granted summary judgment on the ground that Bosier's claims of fraud, breach of contract, defamation, and intentional infliction of emotional distress were barred by res judicata. We affirm the trial court's judgment.

## BACKGROUND

Bosier originally filed suit against Gila, his former employer, in state district court on September 24, 2007, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2009), the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 2008 & Supp. 2009), the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2009), and the Whistleblower Protection Act, 5 U.S.C.A. § 2302 (West 2007 & Supp. 2009). Because Bosier's claims were based on

federal statutes, Gila Corporation removed the case to federal district court. While suit was pending in federal court, Bosier supplemented his pleadings to add a number of common-law claims, including fraud, breach of contract, defamation, and slander.

On March 7, 2008, Bosier's claims of fraud and breach of contract were dismissed in federal court. On September 12, 2008, the federal district court issued a final order dismissing all of Bosier's remaining causes of action under Federal Rule of Civil Procedure 12(b)(6). *See Bosier v. Gila Group*, No. A-07-CA-888 LY, 2008 U.S. Dist. LEXIS 71558 (W.D. Tex. Sept. 12, 2008); *see also* Fed. R. Civ. P. 12(b)(6) (governing failure to state a claim upon which relief can be granted).[1]

After Bosier's claims were dismissed in federal court, he filed the present case in state district court in Travis County, bringing claims of fraud, breach of contract, defamation, and intentional infliction of emotional distress based on the same underlying facts alleged in his federal suit. Specifically, Bosier asserted in both lawsuits that during his employment, Gila Corporation harassed him, discriminated against him, failed to properly accommodate his medical condition, and falsified his personnel file. He further asserted that Gila Corporation provided false information to the Equal Employment Opportunity Commission (EEOC) in connection with his complaints.[2] Bosier does not dispute that both of his suits are based on the same operative facts and in fact raises

---

[1] While Bosier's federal lawsuit was styled *Harold Bosier v. Gila Group and Municipal Services Bureau*, Gila Corporation maintained throughout those proceedings that Gila Group and Municipal Services Bureau are not legal entities and that Gila Corporation does business as both Gila Group and Municipal Services Bureau.

[2] Bosier's breach-of-contract claim appears to be based on the argument that Gila Corporation had a contractual obligation to provide him with a harassment-free work environment.

several points of error related to the federal district court's handling of his first lawsuit. Bosier's employment with Gila Corporation terminated in December 2005, and all relevant EEOC investigations were completed by May 16, 2006, before either suit was filed.

Gila Corporation filed a motion for summary judgment in the state court action, seeking to dismiss Bosier's claims on the basis of res judicata. After a hearing, the trial court granted summary judgment, and this appeal followed.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

## DISCUSSION

Three of Bosier's points of error on appeal relate to the dismissal of his federal suit. We do not have appellate jurisdiction over issues arising in federal courts and therefore cannot reach these complaints. *See* Tex. Const. art. V, § 6 (jurisdiction of Texas courts of appeals).

Bosier's sole remaining point of error is that the trial court erred in granting Gila Corporation's motion for summary judgment on the basis of res judicata. Because Bosier's first suit was decided in federal court, federal law controls the determination of whether res judicata

bars the present state court action. *See San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 281 (Tex. 1996). "Under federal law, the doctrine of res judicata will apply if (1) the parties in both suits are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases." *Id.* All four of these factors are satisfied in the present case.

First, Bosier does not dispute that the parties in both suits are identical. While Gila Group and Municipal Services Bureau are the named defendants in the federal action, the order of dismissal states, "Gila Corporation is the real party in interest, and does business under the names 'Gila Group' and 'Municipal Services Bureau.'" *Bosier*, 2008 U.S. Dist. LEXIS 71558, at *2 n.1.

Second, the federal district court was a court of competent jurisdiction over all of the claims raised in Bosier's initial suit, including his common-law claims. *See* 28 U.S.C.A. § 1367 (West 2006) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Because Bosier's common-law claims form part of the same case or controversy as his federal statutory claims, the federal district court properly exercised its supplemental jurisdiction.

Third, the federal district court's order of dismissal constitutes a final judgment on the merits. Under federal law, a dismissal under federal rule 12(b)(6) for failure to state a claim is considered a judgment on the merits to which res judicata applies. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

Finally, both suits are based on the same facts and involve the same causes of action. In the present state court action, Bosier raises claims of fraud, breach of contract, defamation, and intentional infliction of emotional distress.[3] In Bosier's federal suit, the order of dismissal expressly dismissed claims of defamation, "implication of fraud," and "breach of implied contract." *See Bosier*, 2008 U.S. Dist. LEXIS 71558, at *12-16. The order also states that "[t]he Court has already addressed—and dismissed—Bosier's breach of an express contract claim, finding that Bosier had failed to plead the basic elements of a claim for breach of an employment contract." *Id.* at *14. Similarly, in dismissing the implication-of-fraud claim, the order states that "the Court previously dismissed Bosier's common law fraud claim." *Id.* at *12.

The only claim raised in Bosier's present state court action that was not actually raised and disposed of in his federal action is intentional infliction of emotional distress. This claim, like the others, is based on the same nucleus of operative facts as the claims raised in the federal action and is therefore barred by res judicata. *See U.S. v. Davenport*, 484 F.3d 321, 329 (5th Cir. 2007) (stating that res judicata applies to preclude parties "from litigating matters arising from the same nucleus of operative facts that were or could have been raised in the previous proceeding"). As previously discussed, Bosier does not dispute that his state and federal suits were

---

[3] In his briefing, Bosier suggests that his state court action includes claims of "intentional harassment," slander, "implications of fraud," "breach of implied contract," and a claim referred to as "public policy exception." Bosier's live pleading, however, only raises claims of defamation, breach of contract, fraud, and intentional infliction of emotional distress. In any event, all of the abovementioned claims, whether properly pleaded or not, were or could have been raised in the federal suit and are barred by res judicata.

5

based on the same operative facts—alleged actions taken by Gila Corporation during his employment and in relation to investigations by the EEOC.

Based on the foregoing, we hold that the trial court did not err in granting summary judgment in favor of Gila Corporation on the ground that Bosier's claims are barred by res judicata.

## CONCLUSION

We affirm the trial court's order granting summary judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   August 28, 2009